United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN RYDELL BONNER, TDCJ #02359198, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-23-4133 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Ryan Rydell Bonner (TDCJ #02359198) is a state inmate currently in custody of the Texas Department of Criminal Justice, serving a 10-year sentence for retaliation in Galveston County cause number 19-cr-1881. Bonner does not challenge that conviction in this petition for a writ of habeas corpus under 28 U.S.C. § 2254, but instead challenges the "collateral consequences" of his June 28, 2018, conviction in Harris County cause number 1566261 for retaliation. *See* Doc. No. 1 at 1. Bonner reports that he was sentenced to 250 days' confinement in the Harris County Jail and attaches the state habeas court's findings of fact in his state application that finds that Bonner is "no longer confined pursuant to his conviction in cause no. 1566261." Id. at 16. The Court has carefully considered the pleadings, court records, and applicable law and concludes that this case must be

dismissed without prejudice for lack of jurisdiction because Bonner is not "in custody" pursuant to the federal habeas statutes for his conviction in Harris County cause number 1566261.

## I.   Discussion

United States district courts may only entertain petitions for habeas corpus relief from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The Supreme Court has clarified that, for jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time his petition is filed. Carafas v. LaVallee, 88 S. Ct. 1556, 1559 (1968). A petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired. Maleng v. Cook, 109 S. Ct. 1923, 1926 (1989).

Bonner's 250-day sentence from his 2018 Harris County conviction was fully discharged before he filed the pending petition. Therefore, this Court lacks jurisdiction to determine the legality of that conviction under the federal habeas corpus statutes. *See* id.; Lackawanna County Dist. Attorney v. Coss, 121 S. Ct. 1567, 1572-73 (2001); *see also* Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989) ("Federal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the

conviction or sentence which the petition attacks." (citations omitted)).

Although Bonner generally alleges, without elaboration, that "the state misapplied the collateral consequence," he does not identify any specific collateral consequences from this conviction. *See* Doc. No. 1 at 5, 7, 8, 10. The collateral consequences of a conviction "are not themselves sufficient to render a person 'in custody' for the purposes of habeas attack upon it." Maleng, 109 S. Ct. at 1926. In addition, where a prior conviction used to enhance a sentence "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction" through a § 2254 petition. Lackawanna, 121 S. Ct. at 1573 (internal quotation marks and citation omitted). Accordingly, the Court must dismiss this petition because Bonner is not "in custody" for this conviction under the habeas statutes.

## II. Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that

3

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the ruling in this case was correct. Therefore, a certificate of appealability will not issue.

4

III. <u>ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that this federal habeas corpus petition is **DISMISSED** without prejudice; it is further

**ORDERED** that all pending motions, if any, are **DENIED as MOOT**; and it is

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk's Office will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 23rd day of Feb., 2024.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE